UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| DANIEL BROWN, | ) | C/A No.: 4:14-cv-3659-BHH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN LEVERN COHEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Daniel Brown  (Petitioner), appearing *pro se*, filed his petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 30, 2014, and filed

an amended petition on October 21, 2014 (doc. #16). Petitioner filed a motion for

summary judgment on February 17, 2015. (Doc.#40). Respondent filed a response in

opposition on February 23, 2015, and Petitioner filed a reply on March 2, 2015.

(Doc.#48). Respondent filed a motion for summary judgment on February 20, 2015,

along with a return and memorandum. (Docs. #42 and #43). The undersigned issued

an order filed February 23, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #44). Petitioner filed a response on March 12, 2015.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Ridgeland Correctional Institution pursuant to orders of commitment from the Clerk of Court of Richland County. A Richland County grand jury indicted Petitioner in August 2007 for criminal sexual conduct with a minor, second degree. (Attachment 1, PCR App. pp. 98-99). Joenathan Chaplin, Esq., and Gwendlyne Y. Smalls, Esq., represented Petitioner on the charge. After negotiations with the State, Petitioner pleaded guilty to the lesser charge of assault and battery of a high and aggravated nature. (Attachment 1, PCR App. pp. 1-2). The Honorable J. Michelle Childs heard and accepted the plea. (Attachment 1,PCR App. p. 5). The judge deferred sentencing at that time to review documents referenced at the plea. (Attachment 1, PCR App. p. 18). On March 19, 2010, counsel appeared before Judge Childs for sentencing, but Petitioner failed to appear. Judge

2

Childs issued a sentence which was sealed until Petitioner could be present for imposition of the sentence. (Attachment 1, PCR App. p. 27). On June 9, 2010, Petitioner appeared pro se before Judge Childs for imposition of the sentence. (Attachment 1, PCR App. p. 29). Judge Childs sentenced Petitioner to ten (10) years imprisonment. (Attachment 1, PCR App. p. 34). Petitioner did not appeal his plea or sentence.

On November 12, 2010, Petitioner filed an application for post-conviction relief ("PCR") in which he alleged the following claims:

9(a) I was told and promised a plea that's different from what was given to me.

10(a) I was told if I plead guilty to the charge I would not receive any prison time, no sex offender registry, and only receive probation.

9(b) I did not do the crime they say I committed.

10(b) I did not have sex with that young girl and theres no evidence that say I did.

9(c) On July 2007 the policeman did not read me my rights or have a arrest warrant with them.

10(c) When the police came to my place of residence on July 2007 to arrest me they did not read me my rights, because I would of remember it. Also, when they came to my door they asked for a different name, then I told them nobody lives here by that name. They then asked me to show them my ID then they arrested me, after in custody I was took into the courthouse. The policeman took me in

with him and that's when I seen a arrest warrant being
typed up and handed to the officer.

(Attachment 3, PCR Application, 2010-CP-40-7924) (errors in original).

The State made its return to the application on February 4, 2011. (Attachment
1, PCR App. pp. 41-46). Ryan Holt, Esq., represented Petitioner in the action. On
September 29, 2011, Applicant filed an amendment to the PCR application and raised
the following claims:

9(a) My conviction or sentence violates United States or South Carolina
Constitution because I received ineffective assistance of counsel prior to
pleading guilty.

10(a) I entered a plea upon the advice of plea counsel, Joenathan S.
Chaplin. Because of Mr. Chaplin's ineffective assistance of counsel, I
entered the plea unknowingly and involuntarily. Had it not been for Mr.
Chaplin's errors, I would not have pled guilty. The solicitor promised
that she would recommend a lesser sentence than she actually did. Plea
counsel failed to tell me about an earlier plea offer that was better than
the one I was given. Mr. Chaplin specifically told me that the solicitor
was recommending a lesser sentence as part of a plea deal. If I had
known I was receiving a ten year sentence, I would not have agreed to
the plea. Mr. Chaplin did not tell me the truth regarding the plea
agreement and incorrectly advised me. I would not be in prison here
today if it were not for Mr. Chaplin's ineffective assistance of counsel.
As my attorney, it was Mr. Chaplin's responsibility to obtain any plea
offer in writing. By not doing so, plea counsel demonstrated a complete
lack of assistance and failed to uphold my side of the plea bargain. Mr.
Chaplin also said things at the plea hearing that were not true. The things
that he said, I was not told he would say. Those misstatements made my
sentencing and case worse. An effective attorney would not misstate
facts to make his clients worse off if he is really an effective attorney.
Plea counsel also failed to arrange that the plea hearing and sentencing
were on the same day. Additionally, during the hearing, Mr. Chaplin did

4

not object when the alleged victim's mother submitted a letter to the Court which was not reviewed by Mr. Chaplin. Furthermore, Mr. Chaplin was difficult to make contact with and conducted himself as if this case were his first, although he indicated that he had handled similar cases before.

(Attachment 1, PCR App.p. 49).

An evidentiary hearing was held May 22, 2012, before the Honorable L. Casey Manning. (Attachment 1, PCR App. p. 55). At the conclusion of the hearing, Judge Manning took the matter under advisement. (Attachment 1, PCR App. p. 86). By formal Order filed November 19, 2012, Judge Manning first merged the two pending applications, then denied and dismissed the surviving application. (Attachment 1, PCR App. pp. 91-97). Petitioner appealed the denial of relief.

Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on August 7, 2013, and raised the following issue:

> Trial counsel erred in not securing the state's plea offer in writing and in failing to object to the state's breach of terms of the plea agreement and move to withdraw the plea, particularly since these omissions compromised any demand for specific performance or to invalidate his plea, because petitioner pled guilty in reliance on the plea provisions that exempted him from registering as a sex offender and guaranteed no opposition to the issuance of a probation sentence in the case.

5

Attachment 7, p. 2).

The State made its return on November 26, 2013. (Attachment 8 ). The Supreme Court of South Carolina denied the petition on August 21, 2014, (Attachment 9), and issued the remittitur on September 8, 2014, (Attachment 9).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his amended petition, quoted verbatim:[2]

GROUND ONE:    Ineffective Assistance of Counsel.

Ground One(a):    Trial counsel erred in not securing the state's plea offer in writing and in failing to object to the state's breach of the terms of the plea agreement and move to withdraw the plea, particularly since these omission compromised any demand for specific performance or to invalidate the plea, because petitioner pled guilty in reliance on the plea provisions that exempted him from registering as a sex offender and guaranteed no opposition to the issuance of a probation sentence in the case. . .

Ground One (b):    Trial counsel was deficient in not filing for a direct appeal.

Ground One(c):    Trial counsel failed to represent Petitioner at sentencing on June 9, 2010. Trial counsel was still

---

[2] In his amended petition, Petitioner listed all of the issues under the supporting facts of Ground One. Therefore, the individual issues were separated for purposes of this report and recommendation and delineated as Ground One (a)-(g).

6

under contract with petition as petitioner's attorney and failed to represent petition. Trial counsel failed to request to the court to have plea hearing and sentencing on the same date. Petitioner had death in his family and was not able to attend sentencing date on March 19, 2010.

Ground One(d):    Trial counsel states plea agreement terms at plea hearing: probation, no sex offender registry, weekend time plea to a lesser charge of assault battery of a high and aggravated nature and no prison time. Trial counsel lied to petitioner in order to mislead petitioner to sign to waive his constitutional rights.

Ground One(e):    Trial counsel lied at plea hearing about petitioner and Trial Counsel never informed Petitioner to what he was going to say at plea hearing.

Ground One(f):    Trial counsel failed as counsel by not asking the court to review a letter that as passed to Judge Childs by a Crystal McKnight on January 20, 2010 on page 8 and 9 . . .

Ground One(g):    Trial counsel violated Rule 407 of the Lawyers Preamble on numerous of times.

(Amended petition).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

An application for a writ of habeas corpus on behalf of a

7

person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

### Ground One

In Ground One(a), Petitioner argues ineffective assistance of trial counsel asserting counsel erred in failing to obtain a written plea offer from the State and object to a breach in the terms. Petitioner also asserts that trial counsel "lied" to him with regard to the terms of the plea agreement in order to mislead him to agree to enter the plea. (Ground One(d)).

When presented with an application for habeas relief, the first inquiry by the

court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688.

11

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional  errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* Strickland at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Court confirmed that the correct standard for judging ineffective assistance of claims is the <u>Strickland</u> standard.

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal. In the order of dismissal, the PCR noted the following:

> Applicant alleges his guilty plea was rendered involuntary as a result of counsel's ineffective assistance prior to and during the plea hearing. Specifically, Applicant testified at the PCR hearing that counsel told him in July of 2007 that the state was extending a plea offer under which Applicant would receive time served, probation and no sex offender registry. Applicant said that because staying off of the registry was very important to him, he decided to accept the plea offer. Applicant conceded he never saw the alleged plea offer in writing from the state, nor did he ever partake in discussion with the state about the supposed plea offer. Applicant said had he known he was going to get jail time and be required to register as a sex offender, he would never have entered the plea as he did. . . .

(Tr. 92).

The PCR court held as follows:

> Based on a thorough review of the record and the testimony presented at the PCR, this Court finds the current allegation to be without merit as counsel was not ineffective in this regard. As a preliminary matter, this Court finds Applicant's testimony to be not credible, and conversely finds counsel's testimony to be very credible. Counsel worked diligently to obtain a plea bargain from the state with the terms which Applicant sought, but was unable to elicit such an offer as the state was unwilling to agree to

Applicant receiving a "time served" sentence. Counsel was able to obtain a beneficial plea offer from the state under which Applicant would be allowed to plead to a lesser included offense with no negotiations/recommendations as to sentence or sex offender registry. Counsel thoroughly reviewed the terms of that offer with Applicant to ensure Applicant had a full understanding of both the direct and indirect potential consequences of accepting the offer. Applicant, having full knowledge of the state's evidence against him and his ability to challenge that evidence through jury trial, made the voluntary and informed decision to accept the plea offer and waive that right to trial. Applicant has entirely [sic] to show how counsel's performance was objectively unreasonable in this regard, or how such alleged deficient representation affected his decision to plead guilty.

(Tr. 93-94).

Trial counsel testified at the PCR hearing that he was unable to get the solicitor to agree to probation but did offer the opportunity to plead to a lesser included offense while leaving the possibility of receiving probation and the issue of sex offender registration to the plea judge's discretion. (Tr. 71-72). Counsel testified that he explained to the Petitioner that he would be pleading with the possibility of receiving a sentence of "[f]rom zero to ten." (Tr. 73). Counsel testified that he had extensive discussions with the Petitioner about the plea negotiations which he believed Petitioner understood. (Tr. 72). Trial counsel testified that he never promised Petitioner a particular sentence and Petitioner was aware that he could potentially receive the maximum sentence as there were no recommendations or negotiations as

14

to the sentence to be imposed. (Tr. 73, 76). Additionally, counsel testified that Petitioner did not show up for court on the day of sentencing even though he had spoken to Petitioner and his family as recently as two days prior to the sentencing date and Petitioner stated that he would be at the hearing. The PCR judge found trial counsel's testimony credible while finding Petitioner's testimony not credible.

At the Plea hearing, the prosecutor stated to the court that the victim was twelve years of age, told the Petitioner she was twelve before the assault, he took her to his apartment and performed sex on her, a sexual assault examination noted an abrasion in the genital exam, the victim memorized Petitioner's tag number, the apartment number, and specifically described the car he was driving and facial features about him to the police. (Tr. 6-8). The victim also identified Petitioner in a photo line-up. (Tr. 8). The victim was taken to the "ARC" for an interview, and they found it to be compelling for a sexual assault. (Id.). At the plea hearing, trial counsel stated to the court that "Your Honor, we're asking and I'm asking and his family is asking for some type of probationary sentence if you see fit." (Tr. 13). Trial counsel stated that if the judge was not willing to give a probationary sentence, he would ask for "some type of weekend time be imposed where he can still maintain his employment." Id. Trial counsel further stated to the court as follows:

> Your Honor, I say this to say: Again I'm asking for some
> type of probationary stint., also, Your Honor, as to the

> registry, Your Honor, I think - - I'm asking that he is not imposed or put upon the registry for numerous reasons but, therefore, the information that was provided by law enforcement–a lot of that information is based on obviously what she said against what he said. But again, Your Honor, this not an <u>Alford</u> plea because he does want to put this matter behind him I'm asking for no registry, some type of probation or either some type of weekend time.

(Tr. 14).

Based upon the record, the Petitioner had full knowledge of the state's evidence against him and his ability to challenge the evidence through a jury trial. Further, based on the statements of the trial counsel at the plea hearing as set forth above, there was no plea agreement with regard to probation and no registry.  Additionally, the prosecutor stated to the court during the plea hearing that "[t]he victim's mom wants to make it clear that she believes that the fullest sentence and sex offender registry is appropriate and is asking your Honor to assess that."  (Tr. 15). At the plea hearing, Petitioner stated he was guilty, he wanted to plead guilty, and he was satisfied with his representation.

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2);

16

Williams, supra. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(a) and (d).

In the petition for writ of certiorari, the only issue raised was as follows:

Trial counsel erred in securing the state's plea offer in writing and in failing to object to the state's breach of the terms of the plea agreement and move to withdraw the plea, particularly since these omissions compromised any demand for specific performance or to invalidate his plea, because Petitioner pled guilty in reliance on the plea provisions that exempted him from registering as a sex offender and guaranteed no opposition to the issuance of a probation sentence in the case.

Respondent asserts that all other claims raised in the amended petition are procedurally barred in that they were not raised in the PCR appeal. Based on the record, Respondent is correct. Petitioner raised the issue of direct appeal, Ground One (b) at PCR and it was ruled upon but was not raised in the petition for writ of certiorari. The other issues raised in the amended petition, Ground One (c), (e), (f), and (g), were either not addressed at PCR or were not raised in the petition for writ of certiorari. Because these grounds were not fairly presented to the Supreme Court of South Carolina, they are procedurally barred from federal habeas review absent a

showing of cause and actual prejudice. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).With respect to the grounds found to be procedurally barred for failure to raise them to the Supreme Court of South Carolina in Petitioner's writ of certiorari, Petitioner has failed to establish cause.[3]

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #42) be granted and the petition be dismissed without an evidentiary hearing.

IT IS FURTHER RECOMMENDED that for the reasons set forth above, Petitioner's motion for summary judgment (doc.# 40) be denied.

---

[3] The Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), exception does not extend to PCR appellate counsel. See e.g., Crowe v. Cartledge, No. 9:13–CV–2391–DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); Cross v. Stevenson, No. 1:11–CV–02874–RBH, 2013 WL 1207067 at *3 (D.S.C. Mar.25, 2013) ( "Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). The Supreme Court expressly noted that its holding in Martinez "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Martinez, 132 S.Ct. at 1320. Therefore, Petitioner has not demonstrated cause for not raising these issues in his petition for writ of certiorari, and these grounds are procedurally defaulted.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 9, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.